## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| E-NOMADS SRL<br><br>   Plaintiff,<br><br>vs.<br><br>LINGXIAN (GUANGZHOU) TECHNOLOGY CO., LTD.<br>   Defendant | Case No.: _____<br><br>DECLARATORY JUDGMENT COMPLAINT |

## **NATURE OF THE ACTION**

1. This is an action for a declaratory judgment action of invalidity of U.S. Design Patent No. D884,252, titled "3D Printed Moon Lamp" that was filed 10 July 2018 and issued 12 May 2020 (Exhibit 1; the '252 patent).

2. Beginning in September 2020, defendant has filed complaints with Amazon.com Inc. ("Amazon") alleging that plaintiff was selling products on the Amazon Marketplace that infringed the '252 patent. The listings for the accused products were deactivated. Plaintiff pursued appeals and submitted evidence to Amazon that were sufficient to convince Amazon to reinstate listings for the accused products.

3. In a notification received from Amazon on 29 April 2021 (Exhibit 2), plaintiff was again notified that defendant had represented to Amazon that plaintiff was infringing US Design Patent No. D884,252. Amazon's automated system responded by removing plaintiff's product listings and has effectively

barred plaintiff from selling lamps having a design like that of the '252 patent. Appeals to Amazon's dispute teams have proved unavailing this time around.

4. At the time the complaints were filed, the '252 patent was the subject of three ex parte reexamination requests assigned USPTO control numbers 90/014,589; 90/014,617; and 90/014,719. In each reexamination, the USPTO published determinations that multiple prior art patents and publications before the filing date of the '252 patent raised substantial new questions of patentability. The USPTO has ordered that each of the reexaminations should proceed.

5. This action seeks a judicial declaration of invalidity, noninfringement in the alternative, and claims for tortious interference with plaintiff's business expectancy in its selling relationship with Amazon. Plaintiff also seeks compensatory damages for the harms caused to it by defendant's assertion of the invalid '252 patent.

## THE PARTIES

6. Plaintiff is a corporation organized under the laws of Romania with a principal place of business at BD VASILE MILEA NR.7 BL.B1 SC.1 ET.2 AP.12, Bucharest, Romania, and has a business that sells products in the US marketplace of <amazon.com>.

7. Defendant is a Chinese company having an address listed in the USPTO assignment records as No. 401 of Building 2 NO.8 of Yongxing Park St, Baiyun District, Guangzhou, Guangdong CHINA 510000.

## JURISDICTION AND VENUE

8. This court has personal jurisdiction over defendant under 35 U.S.C. 293 as Defendant has not identified an agent for service of process in the United States in connection with the '252 patent. Section 293 thus provides this court with personal jurisdiction over defendant ("The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court.").

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, and 1338, as a declaratory judgment action arising under the Patent Laws, Title 35 of the United States Code.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

11. Plaintiff has a business selling a variety of products in the US marketplace of <amazon.com>.

12. Three of the products that plaintiff had offered for sale on Amazon were spherical moon lamps having external surface features and shading designed to simulate a lunar surface (the Accused Products). See Figure 1 below.



*Figure 1 – Representative Image of the Accused Products*

13.     On 29 April 2021, plaintiff received an email from Amazon (Exhibit 2) bearing the subject line "Notice: Policy Warning." This email then reported that a "rights owner" filed a complaint alleging that plaintiff's lamp was of a design that infringed US D884,252. The information at the bottom of the notice indicated that the contact information for the complainant was "sss 1948535071@qq.com."

14.     US Design Patent Number D884,252 is entitled "3D Printed Moon Lamp", was filed on 10 July 2018, and issued on 12 May 2020 to inventor Jungui Deng of Guandong, China. The assignee listed on the front face of the patent is Linxian (Guangzhou) Technology Co., Ltd. of Guangzhou, China. (Exhibit 1)

15.     At the time plaintiff received the 29 April 2021 notice from Amazon, the USPTO had published its findings that the references cited in Reexam Nos. 90/014589 (dated 26 January 2021) and 90/014617 (dated 25

January 2021) raised substantial new questions of patentability regarding the novelty of the design in the '252 patent.

16. On information and belief, defendant was aware of the determinations that had been made by the USPTO in Reexam Nos. 90/014589 and 90/014617 when it filed the complaints with Amazon in late April 2021 that accused plaintiff of infringement. The USPTO findings in Reexam No. 90/014719 were published on 26 May 2021.

17. When defendant filed the infringement complaints with Amazon that lead to the 29 April 2021 notification (Exhibit 2), defendant was aware that the USPTO had published determinations that the '252 patent were the subject of substantial new questions regarding the patentability of the claimed design.

18. A reasonable person with knowledge of the determinations made in Reexam Nos. 90014589 and 90014617 would have understood by the end of January 2021 that the '252 patent was invalid and could not be enforced in good faith.

19. The prior art as of the '252 patent filing date of 10 July 2018 had already disclosed a lamp design in a spherical shape having surface features simulating that of the moon.

20. The prior art relevant to the validity of the '252 design patent includes designs shown in patent publications, product reviews on <youtube.com>, and in product offerings listed in the marketplace of <amazon.com>. Charts comparing the prior art patented designs and publicly available products is attached hereto as Exhibit 3.

21.  The patent publications that were published before the filing date of the '252 patent include the following:

| Number | Inventor | Publication Date |
|---|---|---|
| CN Design Patent No. 304181105S | Tan Yu | 16 June 2017 |
| EPO RCD No. 004393957-0001 | Gang Wang | 17 October 2017 |
| EPO RCD No. 004557163-0001 | Lv Weijia | 20 December 2017 |
| EPO RCD No. 005138302-0001 | Xi Luo | 4 May 2018 |
| CN Design Patent No. CN304573735S | Jianjun Chen | 6 April 2018 |

22.  China Design Patent No. 304181105S was filed on 04 January 2017 and published on 16 June 2017 listing Tan Yu as the inventor (the Yu patent). The Yu patent was published more than one year before the filing date of the '252 patent.

23.  The prior art products that were publicly disclosed or on sale before the filing date of the '252 patent include:

| Title | Source | Date |
|---|---|---|
| Enchanting Lunar Moon Night Light Best Lunar Night Light | Youtube.com https://bit.ly/3isz1gg | 24 July 2017 |
| Moon Light Moon Lamp Led 3d USB Lunar Art | Youtube.com https://bit.ly/3wi3u57 | 27 October 2017 |
| 3D Print Moon Lamp Night Light 50% Off | Youtube.com https://bit.ly/3iq8pMW | 10 November 2017 |
| GPJOY Lighting Night Light 3D Printing Moon Lamp | Youtube.com https://bit.ly/3x6H5ro | 17 November 2017 |
| Creative 3D Printing Moon LED Light Lamp Touch Control | Youtube.com https://bit.ly/2SnpjkG | 5 January 2018 |
| Ehobroc 3D Printing Moon Globe Light | Amazon.com https://amzn.to/2TxjPUL | 10 November 2017 |

6

24. The Ehobroc Moon Lamp was disclosed and advertised for sale in the US on Amazon.com under listing ASIN B076JWBDZ7 by at least 10 November 2017 (last accessed 4 June 2021 at https://amzn.to/2TxjPUL).

25. A customer question for this product was answered on 17 November 2017.

26. The oldest published customer review in the listing is dated 13 November 2017.

27. The characteristics of all of the prior art design patents and products in Exhibit 3 include a spherical or moon-shaped lamp mounted atop a zig-zag open frame base just like the '252 patent.

28. The lamp design that is the subject of the '252 design patent is identical to the prior art design patents and products in Exhibit 3.

29. The prior art design patents and products in Exhibit 3 were not considered by the examiner in the original prosecution of the '252 patent.

30. The design of the '252 patent is not novel relative to the prior art design patents and products of Exhibit 3 and is invalid under 35 U.S.C. §102.

31. To the extent that there might be minor differences between the design of the '252 patent and the prior art design patents and products of Exhibit 3, those differences would have been minor and obvious to one having an ordinary level of skill in the art under 35 U.S.C. §103.

32. In connection with pending reexamination control number 90/014617 and before plaintiff received the notification of defendant's infringement allegations on 29 April 2021, counsel for defendant attempted to distinguish the prior art in a document filed with the USPTO on 3 March 2021.

Defendant asserted that the proper scope of the '252 patent entitled "3D Printed Moon Lamp" did not actually include a lamp having lunar surface features. See <u>Exhibit 4</u> (emphasis added):

> All of the cited references show a sphere with possible lumps and indentations mimicking lunar craters and other landforms on moon. However, nothing in the references discloses or suggests ***a sphere with a smooth surface without any patterns in a minimalistic ornamental design as claimed in the '252 patent***. Thus, at least this claimed feature is not found in the cited references.

33. The accused lamps that were sold by plaintiff have surface features "mimicking lunar craters and other landforms" of the moon surface. They do not have a "smooth surface without any patterns."

34. The representations of infringement made to Amazon as to plaintiff's products is inconsistent with the representations made to the USPTO about the scope of the claimed design in the '252 design patent.

35. Plaintiff contacted defendant to obtain a withdrawal of the allegations of infringement after receiving the 29 April 2021 notification from Amazon.

36. Defendant was presented with the inconsistent assertion regarding the scope of the '252 design patent and the existence of surface features on plaintiff's products. Defendant refused to withdraw its infringement allegations to Amazon regarding the '252 patent.

37. The allegations of infringement of the invalid '252 design patent have harmed plaintiff's business and interfered with plaintiff's selling privileges on Amazon.

38. Defendant's allegations of infringement have shut down all of plaintiff's sales of the accused products.

39. Amazon has established a website for reporting infringement of patents, copyrights, and trademarks at https://amzn.to/3gcS78P.

40. Amazon has acts quickly when allegations of design patent infringement are made.

41. Amazon's current system for acting on such claims are believed to be performed by automated programs that merely perform a simple image matching comparison between the patented design and the accused product. A sufficiently close design is deemed to be an infringement and the seller's listing is deactivated.

42. Little to no human effort is made to evaluate the merits of a claim received by the Amazon reporting system. Accordingly, false claims of IP infringement made to Amazon are well known and widely abused.

## Count 1:
## INVALIDITY

43. Plaintiff herein incorporates by reference into this count the allegations appearing in paragraphs 1-42 of this Complaint.

44. The '252 patent is invalid under Title 35 of the US Code, including lack of novelty under Section 102 and for obviousness under Section 103.

45. The '252 design patent is invalid as lacking novelty under 35 USC § 102 because the claimed design was publicly disclosed, offered for sale, and/or sold before the filing date of the '252 patent as shown by the patent

publications, product disclosures, and offers for sale that are identified in Exhibit 3.

46. If not lacking novelty, the '252 patent is invalid for obviousness under 35 USC § 103 because whatever differences might exist between the prior art patent publications, product disclosures, and products offered for sale in Exhibit 3 compared to the lamp of the '252 patent are so minor as to have been obvious to those skilled in the art as of the filing date of the '252 patent.

47. Plaintiff prays for a judgment that the '252 design patent is invalid.

## COUNT 2: NO INFRINGEMENT

48. Plaintiff herein incorporates by reference into this count the allegations appearing in paragraphs 1-42 of this Complaint.

49. The Accused Products all have external surface features with bumps and three dimensional structures similar to a lunar landscape.

50. Plaintiff has represented to the USPTO that the proper interpretation of the '252 patent is one of a lamp having a "smooth surface without any patterns in a minimalistic ornamental design."

51. If defendant's interpretation of the design claimed in the '252 patent is correct, plaintiff's Accused Products do not infringe.

52. Plaintiff prays for a judgment that its Accused Products do not infringe the '252 patent if the claim scope that was asserted by defendant to the USPTO is adopted as the proper claim scope for the '252 design patent.

## COUNT 3:
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

53. Plaintiff herein incorporates by reference into this count the allegations appearing in paragraphs 1-42 of this Complaint.

54. Plaintiff is an authorized seller on the Amazon Marketplace and is a party to Amazon's Business Solutions Agreement. That agreement allows plaintiff to sell items on Amazon and, until the complaints filed by defendant, plaintiff had a successful business selling its moon lamps on Amazon.

55. Defendant knew, or should have known, about plaintiff's business relationship with Amazon when it identified plaintiff as a seller on Amazon in the complaints sent to Amazon.

56. Defendant deliberately, recklessly, and without factual support filed one or more complaints with Amazon alleging that the lamps offered for sale by plaintiff infringed the '252 design patent.

57. Defendant submitted or caused to be submitted those complaints to Amazon with the intent of having Amazon remove plaintiff's listings for its moon lamps and to restrict further sales of these products.

58. Defendant improperly accused plaintiff of infringement with the knowledge that the '252 patent was invalid.

59. No reasonable person could reasonably expect to defend the validity of the '252 patent in light of the prior art that was published before the filing date of the '252 patent.

60. In filing the complaints against plaintiff, defendant intended to interfere with plaintiff's business and its sales of moon lamps on Amazon.

61. Defendant did not file its complaints with Amazon against plaintiff in good faith.

62. Defendant accused plaintiff of infringement with the knowledge that it had previously represented to the USPTO in reexamination control number 90014617 that the proper scope of the '252 patent was "a sphere with a smooth surface without any patterns in a minimalistic ornamental design as claimed in the '252 patent."

63. The filing of the infringement allegations with Amazon in April 2021 was objectively baseless.

64. As a direct result of defendant's improper actions, plaintiff's selling privileges have been restricted. Plaintiff is no longer able to sell the Accused Products on the Amazon Marketplace.

65. Plaintiff now has an inventory of moon lamps that it cannot sell and will incur costs to remove such inventory from Amazon's warehouses and transport them to another storage facility.

66. Plaintiff has been harmed by the loss of profits that would have been associated with sales of the Accused Products that would have occurred in normal course of sales based on its pattern of past sales.

67. Plaintiff prays for a judgment in its favor recognizing the harm to its business expectancy and awarding monetary compensation for its costs and lost profits associated with that harm.

## Prayer for Relief

WHEREFORE, plaintiff requests this Court to enter the following relief for the plaintiff, E-Nomads SRL, that:

  A.  For judgment that US Patent Number D884,252 is invalid;

  B.  For judgment that plaintiff's Accused Products do not infringe US D884,252;

  C.  For judgment that plaintiff's business expectancy with Amazon.com has been harmed by the actions of defendant in the amount of FIVE HUNDRED DOLLARS ($500,000.00), as compensatory damages, plus interest at the maximum rate allowed by law on the entire judgment date until paid;

  D.  That preliminary and permanent injunctions be issued enjoining defendant and its agents, affiliates, all persons in concert or participation with any of them, and any entity owned or controlled by defendant who receives actual notice of the injunction from (i) making any further allegations of infringement of US Patent No. D884,252, (ii) retaliating against plaintiff by purchasing items from plaintiff on the Amazon marketplace so as to file false allegations and negative reviews of plaintiff's other products; and (iii) retaining a full and complete copy of all such allegations made for a period of one year after publication to any third party;

  E.  That plaintiff be awarded interest, including pre-judgment interest, on any of the foregoing sums in accordance with 28 USC § 1961;

  F.  That plaintiff be awarded its costs in this civil action, including reasonable attorneys' fees and expenses; and

  G.  That plaintiff be awarded such other and further relief as the court may deem just and proper.

Dated: 15 June 2021	Respectfully submitted,

/Lance G. Johnson/
Lance G. Johnson, VA 27929
Johnson Legal PLLC
12545 White Drive
Fairfax, Virginia 22030
(202) 445-2000
Docketing@lgjlegal.com