**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

E-NOMADS SRL

                      Plaintiff,

v.                                     Case No.: 2:21-cv-337

LINGXIAN (GUANGZHOU ) TECHNOLOGY CO., LTD.

                      Defendant

**PROPOSED ORDER**

Plaintiff, E-Nomads SRL ("ENS") filed this declaratory judgment action seeking determinations that:

- Its 3D Moon Lamp and 3D Galaxy Lamp products do not infringe US Design Patent Number D884,252;

- The '252 patent is invalid; and

- Plaintiff' seeks monetary damages for harm to its business expectancy in its selling relationship with Amazon when Defendant, Lingxian (Guangzhou) Technology Co., Ltd. ("Lingxian") filed accusations of design patent infringement with Amazon in bad faith which caused Amazon to prohibit ENS from selling the accused products at various intervals from 2020-2021.

After having reviewed the pleadings and evidence submitted in support of its claims, I find that: (a) Plaintiff's 3D Moon Lamp and 3D Galaxy Lamp products do not infringe the '252 patent; (b) the '252 patent is invalid under 35 USC 103 for obviousness for the scope of design that appears applicable from the drawings in the '252 patent and the claim scope represented by

Defendant in the pending reexamination 90/014,617; and (c) Defendant filed the infringement complaints with Amazon in bad faith and fully aware that the accused products did not infringe the design shown in the '252 patent thereby harming Plaintiff in the amount of $ 1,176,400.

To protect Plaintiff's ability to collect on this award, this court will enjoin any accounts connected to Defendant on any online marketplaces and the funds handlers who facilitate transactions on those marketplaces, such as Amazon, eBay, PayPal, Payoneer, or Facebook, from transferring or disposing of any money or other of Defendant's assets until this judgment has been satisfied in full.

## Venue and Jurisdiction

This court has personal jurisdiction over defendant under 35 U.S.C. 293 and subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, and 1338, as a declaratory judgment action arising under the Patent Laws, Title 35 of the United States Code. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

On August 2, 2021, plaintiff filed proofs of service by publication (ECF15) as authorized by the court (ECF 10). Subsequent email communications confirmed that Defendant had actual notice of this case (ECF 17-1).

Defendant did not file a response to the complaint, and no counsel has filed an appearance on behalf of Defendant.

The clerk entered a default on September 2, 2021 (ECF 21).

## Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; see also *Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015).

By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. See *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006).

Here, as the defendant has not answered or otherwise timely responded, the well-pled allegations of fact in the Complaint are deemed admitted.

Discussion

The plaintiff, E-Nomads SRL ("ENS"), is a Romanian company with a business selling textured globe lamps in the Amazon marketplace under its MIND GLOWING brand. Two of its primary products are the 3D Moon Lamp™ and the 3D Galaxy Lamp™. Together, the sales of these lamps constitute 99% of all sales by Plaintiff.

The defendant in this case, Lingxian (Guangzhou) Technology Co. Ltd. ("Lingxian"), is a Chinese company.

The '252 Patent

US Design Patent Number D884,252 is entitled "3D Printed Moon Lamp", was filed on July 10, 2018, and issued on May 12, 2020 to inventor

Jungui Deng of Guandong, China. See Table 1 of the images from the '252 patent.



| Table 1 – US D884,252 | | | |
|---|---|---|---|
| Fig. 1 | Fig. 2 - Front | Fig. 3 - Rear | Fig. 4 - Right |
| Fig. 5 - Left | Fig. 6 - Bottom | Fig. 7 - Top | |

The figures of the '252 patent show a spherical lamp on a base with a recharging port on the bottom for the internal battery. These figures do not show any surface features or ornamentation on the outside of the globe. Representations made by the Lingxian in the pending reexamination 90/014,617 confirm that the scope of the '252 patent is limited to a smooth, unadorned, globe-shaped lamp atop a zigzag base (emphasis supplied):

> All of the cited references show a sphere with possible lumps and indentations mimicking lunar craters and other landforms on moon. However, nothing in the references discloses or suggests ***a sphere with a smooth surface without any patterns in a minimalistic***

4

***ornamental design as claimed in the '252 patent***. Thus, at least this claimed feature is not found in the cited references.

The examiner in that reexamination adopted the proffered arguments in his office action dated August 6, 2021.

<u>The Accused ENS Products</u>

Both of the ENS lamps that were accused of infringement feature a globe-shaped body having prominent, external surface features in the form of lumps and indentations mimicking lunar craters and other landforms on moon (the Accused ENS Products). The 3D Moon Lamp is white. The 3D Galaxy Lamp has colored and dark areas. Both have the same type of external texture. See Table 3 below.

Table 3 – The Accused ENS Products



| Side view | Bottom view | Top View |

Legal Standards for Design Patents

The test for infringement of a design patent is the "ordinary observer" test. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009) ("In light of Supreme Court precedent and our precedent holding that the same tests must be applied to infringement and anticipation, and our holding in *Egyptian Goddess* that the ordinary observer test is the sole test for infringement, we now conclude that the ordinary observer test must logically be the sole test for anticipation as well.")

Under the "ordinary observer test, infringement will not be found unless the accused article embodies the patented design or any colorable imitation thereof." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). An understanding of the prior art can help identify the ornamental features of the patented design that differ from the prior art and the degree of those differences. See *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677 (Fed. Cir. 2008) ("An ordinary observer, comparing the claimed and accused designs in light of the prior art, will attach importance to differences between the claimed design and the prior art depending on the overall effect of those differences on the design.")

The test for validity of a design patent slightly changes perspective and uses the "ordinary designer" test. As explained in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021 WL 3671163, at *3 (Fed. Cir. Aug. 19, 2021) (citations omitted; emphasis supplied):

> "In the design patent context, we address the first three Graham factors by determining whether a designer of ordinary skill would have combined teachings of the prior art to create the same overall

6

visual appearance as the claimed design. This inquiry proceeds in two steps. First, before the trier of fact can combine prior art references, it must determine whether there exists a primary reference, i.e., a single reference that creates 'basically the same visual impression' as the claimed design. To be basically the same, the designs at issue cannot have substantial differences in their overall visual appearances or require major modifications; any differences must instead be slight. This is a question of fact. Second, if a primary reference exists, **the trier of fact must determine whether, using secondary references, an ordinary designer would have modified the primary reference to create a design that has the same overall visual appearance as the claimed design**. This, too, is a question of fact."

Discussion

The prior art cited during the examination of the '252 patent cited a single design patent to Pan US D849,314 that is identical to the '252 patent design but for: (a) a zigzag base that is somewhat larger than the diameter of the globe; and (b) an underside that has a battery compartment door and a set of switches. Based on these differences, the examiner allowed the '252 patent without comment or explanation.

A comparison between the Pan design compared to the '252 patent design is shown in Table 2.

Table 2

| US D884,252 | Pan US D849,314 |
|---|---|
| Perspective | Fig. 1 - Perspective |
| | |

7

| US D884,252 | Pan US D849,314 |
|---|---|
| Rear | Fig. 2 - Front |
| FIG. 3 | |
| Front | Fig. 3 - Back |
| FIG. 2 | |
| | Fig. 4 - Left |
| FIG. 4 | |
| | Fig. 5 - Right |
| FIG. 5 | |
| Top | Fig. 6 - Top |
| FIG. 7 | |
| Bottom | Fig. 7 - Bottom |
| FIG. 6 | |

A review of the prior art to the '252 patent reveals that three patents issued in Europe and China that depicted textured, spherical, lamps on a small zigzag, and a single charge port on the bottom. See Table 3 below.

8



| Table 3 | |
|---|---|
| Wang Patent<br>EUIPO RCD 004393957-0001<br>Published 17 October 2017<br>Designer: Gang Wang | Luo Patent<br>EUIPO RCD 005138302-0001<br>Published 4 May 2018<br>Designer: Xi Luo |
| Chen Patent<br>CN304573735S<br>Published 6 April 2018<br>Inventor: Jianjun Chen | |

Quite clearly, the globe lamps that are prior art to the '252 patent include textured outer surfaces, a single charging port on the bottom, and a small zigzag support base. Only a smooth outer surface is any point of novelty between the '252 patent and the prior art.

This single point of novelty establishes that the patents listed in Table 3 are "basically the same" as the design claimed in '252 patent. The only difference is that the Table 3 designs use textured globes rather than smooth globes.

The Pan patent, US D849,314 that was cited by the examiner during the original prosecution shows a smooth, spherical lamp on a zigzag base. The lamp designs shown in Table 3 and the design of the Pan '314 patent are both lamps supported by a zigzag base.

Absent any evidence to the contrary, it would seem self-evident that lamp spheres have a very limited number of design options, e.g., smooth and textured. The prior art shows both embodiments with predictable design results.

"When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp." *KSR Intern. Co. v. Teleflex Inc.*, US 550 US 398, 420 (2007).

I find that it would have been obvious under 35 U.S.C. §103 to an ordinary designer in this area that the spherical lamp shown by the Chen patent could be replaced with a smooth, spherical lamp.

| US D884,252 | Chen CN304573735S | Pan US D849,314 |
|---|---|---|
| <br>FIG. 3 | <br>主视图<br>Front View | |

10

Despite the narrow scope of its design patent, Lingxian filed a number of complaints with Amazon from September 15, 2020 to August 8, 2021 that accused the textured ENS lamps of infringement.

As discussed above, both of the Accused ENS Products are globe-shaped lamps having a textured outer surface suggestive of a lunar landscape. These products did not infringe the '252 patent, a conclusion that is eminently clear after Lingxian acknowledged the narrow scope of its design in the '252 patent and then continued to file infringement complaints, which Amazon acted on likely in reliance on the averment that the allegations were made under penalty of perjury.

Lingxian filed the complaints against the Accused ENS Products in bad faith.

A finding of bad faith requires that the accusations be "objectively baseless." As noted in *G.P. Industries, Inc. v. Eran Industries, Inc.*, 500 F.3d 1369, 1374 (Fed.Cir. 2007) (emphasis added):

> The Supreme Court elaborated on the meaning of "objectively baseless," explaining that "the lawsuit must be objectively baseless in the sense that **no reasonable litigant could realistically expect success on the merits."** *Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). Although the Professional Real Estate case involved an antitrust action, we have expressly applied the "objectively baseless" standard to a situation in which the party challenged statements made in cease-and-desist letters by a patentee asserting its patent rights. [*Globetrotter Software v. Elan Computer Group*, 362 F.3d 1367, 1377 (Fed.Cir. 2004)]. We stated that a "plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless."

11

Defendant asserted a broad scope of rights to Amazon in its bid to convince Amazon's automated systems to shut down the listings of its competitor ENS even though the design of the '252 patent is not the same as the Accused ENS Products.

By no later than March 3, 2021, Lingxian demonstrated that it knew that the '252 design patent did not encompass textured lamp products. Lingxian did not retract the complaints it had filed on September 15, 2020 against ENS and then doubled down with further rounds of complaints in April, May, and August 2021 long after the claim scope was argued as limited to a smooth sphere.

During this period, ENS was denied the ability to sell its lawful, noninfringing products over many months.

I find that the failure to retract the complaints filed in September and October 2021 and the filing of additional complaints on the same patent in April, May, and August of 2021 were objectively baseless and constitute bad faith efforts to interfere with the selling relationship between ENS and Amazon.

I further find that the objectively baseless claims of infringement filed by Lingxian against ENS were the intended and proximate cause of the actions Amazon took to restrict sales of the ENS products for those periods of 2020-2021 when ENS was barred from selling its 3D Moon Lamp and 3D Galaxy Lamp products.

Accordingly, this court awards plaintiff the sum of $ 1,176,400 as compensation for the harm caused to ENS by Lingxian.

12

This court further enjoins any account associated with Lingxian on any of the online marketplaces where Lingxian does business and the funds handlers who facilitate transactions on those marketplaces, such as Amazon, eBay, PayPal, Payoneer, and Facebook from transferring or disposing of any money or other of Defendant's assets until this judgment has been satisfied in full.

So ORDERED.

Dated: _____

_____

U.S. District Court Judge