UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

E-NOMADS SRL,

    Plaintiff,

  v.

LINGXIAN (GUANGZHOU) TECHNOL-
OGY CO., LTD.,

    Defendant.

Civil No. 2:21cv337

## ORDER

Pending before the Court is a Motion for Default Judgment filed by Plaintiff E-Nomads SRL (ECF No. 24) and a Second Motion for Preliminary Injunction (ECF No. 16). For the following reasons, the Motion for Default Judgment (ECF No. 24) is **GRANTED in part** and **DENIED in part** and the Second Motion for Preliminary Injunction (ECF No. 16) is **DISMISSED as moot**.

## I. BACKGROUND

A.   Facts

The facts summarized are allegations accepted as true for the purposes of this Motion for Default Judgment. Plaintiff E-Nomads SRL ("E-Nomads" or "Plaintiff") is a Romanian company that sells textured globe lamps. Mem. in Supp. of Mot. for Default J. at 5, ECF No. 25. Its primary products are the 3D Moon Lamp™ and the 3D Galaxy Lamp™ sold in the Amazon marketplace under its brand, Mind Glowing. *Id.* Defendant Lingxian (Guangzhou) Technology Co. Ltd. ("Lingxian" or "Defendant") is

1

a Chinese entity that sells a similar 3D Printed Moon Lamp in the Amazon market-place and other online websites. *Id.* Lingxian owns U.S. Design Patent D884,252 (" '252 patent") for its 3D moon lamps. *Id.* As a patent examiner was analyzing the '252 patent, they distinguished it from a separate design patent for a very similar moon lamp, Pan U.S. D849, 314 (" '314 patent"). Although the two patents were nearly identical, the patent examiner found the following two differences were present: "(a) a zigzag base that is somewhat larger than the diameter of the globe; and (b) an underside that has a battery compartment door and a set of switches." *Id.*; '252 Patent, ECF No. 25-2. Moreover, there are three separate patents issued internationally that patented otherwise similar moon lamps but encompass textured outer surfaces, a single charging port on the bottom, and a small zigzag support base, as opposed to a smooth outer surface of the globe. Mem. in Supp. of Mot. for Default J. at 8–9, ECF No. 25.

The '252 patent was examined via an *ex parte*[1] review. *Id.* at 9. In an Owner's Statement provided ahead of this evaluation, Lingxian stated that the '252 patent is valid because it encompasses "a sphere with a smooth surface without any minimalistic ornamental design". *Id.*; *see also* Lingxian Statement at 4, ECF No. 17-4.

---

[1] An *ex parte* review is a procedure by which a patent owner or a third party may request the United States Patent and Trademark Office to examine an already granted patent based on additional information that is brought to the examiner's attention. UNITED STATES PATENT AND TRADEMARK OFFICE, https://www.uspto.gov/web/offices/pac/mpep/s2209.html (last visited Oct. 20, 2021).

Lingxian acknowledged in this statement that any globe lamps that have textured surfaces are not infringing on its '252 patent.

Despite this, Lingxian has filed multiple complaints against E-Nomads through Amazon's intellectual property infringement reporting system. Mem. in Supp. of Mot. for Default J. at 9, ECF No. 25. It has filed complaints on the following dates: September 15, 2020, October 21, 2020, April 29, 2021, May 10, 2021, August 6, 2021 and August 8, 2021. *Id.* When a seller is accused of intellectual property infringement, the seller's account is deactivated with no human evaluation and by an automated program. *Id.* at 10. E-Nomads's Amazon seller account was deactivated due to Lingxian's complaints that E-Nomads' textured moon lamps were infringing on its '252 patent. *Id.* Lingxian subsequently filed complaints through Amazon asserting that E-Nomads was infringing the '252 patent by selling the galaxy lamps as well. *Id.* E-Nomads states that it has lost $1,176,400 in sales because of the deactivation of its account. *Id.*; Olaru Decl. at 3, ECF No. 25-6.

B.    Procedural History

E-Nomads filed a Complaint seeking a declaratory judgment on June 15, 2021. Compl., ECF No. 1. It sought an alternative form of service on Lingxian because it is a foreign entity. Mot. for Service, ECF Nos. 8 & 9. Lingxian had not, and still has not, designated a domestic representative for acceptance of service. *Id.* For these reasons,

3

this Motion was granted, and the Court allowed E-Nomads to serve by 4-week publication in a newspaper. Order, ECF No. 10.

On July 7, 2021, prior to service being completed. E-Nomads moved for a Temporary Restraining Order and a Preliminary Injunction. TRO Mot., ECF No. 12. This Court denied both and granted leave to E-Nomads to renew its Motion for a Preliminary Injunction once service on Lingxian was complete. TRO Order, ECF No. 14. E-Nomads notified that service via four weeks of publication was complete as of August 2, 2021. Notice of Service, ECF No. 15. It emailed all pleadings in this case to Lingxian's patent counsel who is unrelated to this case, as well. Email, ECF No. 15-1. After E-Nomads notified the Court that service was completed, it renewed its Motion for Preliminary Injunction. Mot. for Prelim. Inj., ECF No. 16. This Court deferred ruling on this Motion and ordered Lingxian to respond on August 13, 2021. Order, ECF No. 19.

E-Nomads moved the Clerk of this Court for an entry of Default on September 1, 2021. Req. for Default, ECF No. 20. The Clerk filed an Entry of Default on September 2, 2021. ECF No. 21. E-Nomads moves for Default Judgment through the instant Motion. It seeks $1,176,400 in total damages for lost sales and requests that this Court enjoin third-party websites such as Amazon, eBay, and others from releasing any funds to Lingxian that may be used to satisfy this judgment. Mem. in Supp. of Mot. for Default J. at 17, ECF No. 25. Lingxian has failed to appear and has not

responded to any allegations by E-Nomads despite receiving notice of the instant lawsuit. This matter is ripe for resolution.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. Subsection (a) of the Rule calls for an entry of default when a party has failed to file a response pleading "or otherwise defend" the action within the applicable time limit. Fed. R. Civ. P. 55(a). The entry of default does not automatically entitle a party to a default judgment.[2] The decision to grant a motion for default judgment rests in the sound discretion of the court. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Well-pleaded allegations of fact are construed as admitted after a default. *Ryan v. Homecomings Fin. Network*, 252 F.3d 778, 780 (4th Cir. 2001). Default judgments, however, are generally disfavored. *Tazco, Inc. v. Dir., Off. of Workers Comp. Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *United States v. Ragin*, 113 F.3d 1233 (4th Cir. 1997). They are warranted when "the adversary process has been halted because of an essentially unresponsive party." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011).

In deciding whether a default judgment should be granted, a court must consider the following factors: "(1) the amount of money potentially involved; (2) whether material issues of fact or issues of substantial public importance are at issue; (3) whether the default is largely technical; (4) whether plaintiff has been substantially

---

[2] Subsection (b) requires the court's final action following entry of default by the Clerk under subsection (a). *Id.* at 55(b).

prejudiced by the delay involved; . . . (5) whether the grounds for default are clearly established or are in doubt . . . [;] (6) how harsh an effect a default judgment might have; [and] (7) whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on part of the defendant." *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 506 (E.D. Va. 2009) (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE *et al.*, FED. PRAC. & PROC.: CIVIL § 2685 (3d ed.)); *see also Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987).

## III.  ANALYSIS

The requirement of Rule 55(a) is satisfied. On September 2, 2021, the Clerk of the Court entered Lingxian's default. Entry of Default, ECF No. 21. The Court proceeds to consider whether default judgment is appropriate as outlined in Rule 55(b).

### A.   Default Judgment Factors

First, the amount of money requested weighs against the entry of a default judgment. The money requested—$1,176,400—is significant. Because of the substantial sum, this factor weighs against a default judgment.

Second, the absence of issues of disputed material fact and issues of substantial public importance weighs in favor of a default judgment. Based on the record, Lingxian has not challenged any facts submitted by E-Nomads. Lingxian has not yet appeared on the docket and has not filed *any* response to E-Nomads' contentions. Facts taken as admitted show that Lingxian wrongfully filed complaints against E-Nomads on Amazon alleging that E-Nomads' sale of its own textured moon lamps was an infringement on Lingxian's '252 patent. These wrongful complaints caused E-

6

Nomads' Amazon account to be shut down and caused it to incur over a million dollars in losses.

Lingxian wrongfully filed infringement complaints against E-Nomads. It is evident based on the admitted facts that E-Nomads' moon lamps did not infringe on Lingxian's '252 patent. For example, the '314 patent that described similar moon lamps with textured surfaces was deemed prior art and therefore distinguished from the '252 patent for lamps with smooth surfaces. *Ex Parte* Forms at 4, ECF No. 25-4. This means that any moon lamp that had a textured surface as opposed to a smooth surface was out of the scope of the '252 patent. The same is true for the galaxy lamp. The textured surface of the galaxy lamp as well as the charging port are elements not claimed by the '252 patent.[3] Moreover, the business dispute in this case primarily affects the private interests of the business entities involved. The issue is not of such substantial public importance that it cannot be decided on default. This factor weighs in favor of granting default judgment.

Third, the default is not merely technical in nature. This weighs in favor of entering default judgment. As of the date of this Order, Lingxian has not responded to the Complaint, the instant Motion for Default Judgment, or any preceding Motions in this case. Service on Lingxian was complete on August 2, 2021. Certificate of Service, ECF No. 15. The last date of publication of notice of this lawsuit was July 29,

---

[3] This Court need not reach a conclusion on whether the '252 patent should be invalidated for obviousness under 35 U.S.C. § 103 because it concludes that Lingxian wrongfully filed complaints with Amazon alleging that E-Nomads's products were an infringement on its patent.

2021 in The Washington Post. *Id.* The deadline to file a response was October 8, 2021. This Court has provided Lingxian with several opportunities to address E-Nomads' allegations, yet it has failed to do so.

It is evident that Lingxian did not merely miss a deadline but is "entirely ig-nor[ing] [the] proceedings", which justifies default judgment. *EMI April Music, Inc.*, 618 F. Supp. 2d at 507. In addition to the formal service described above, Lingxian had actual notice of the pendency of this case. Defense counsel contacted Lingxian's CEO after which Lingxian responded to his email. Counsel Emails, ECF No. 25-1. Lingxian was repeatedly told that Plaintiffs had filed a suit against it in this Court and that it was in default. *Id.* It received notice of the allegations against it and the pending suit, yet it did not respond. Lingxian's resistance to appearing and answering E-Nomads' allegations warrants default judgment.

Fourth, E-Nomads has been prejudiced by Lingxian's delay, which weighs strongly in favor of default judgment. E-Nomads filed its Complaint on June 15, 2021. Compl., ECF No. 1. It has attempted to contact Lingxian multiple times through dif-ferent mediums including service by publication in The Washington Post and email. E-Nomads' Amazon account is still suspended, and that has a substantial negative impact on its business every day. E-Nomads is further prejudiced because it cannot sell its business or seek investors because of negative Amazon account metrics and

8

loss of sales. Second Olaru Decl. at 5, ECF No. 25-5. Further delay will likely mean that E-Nomads fails to recover its Amazon account and continues a steep loss in sales.

Fifth, the grounds of default have been established, and this weighs in favor of default judgment. There is no doubt that the default has occurred. This Court has provided Lingxian with multiple opportunities to respond to preceding motions and the opportunity to respond to the instant Motion for Default Judgment with an explanation. They have not done so.

Sixth, the relief requested is significant but not harsh when viewed in light of the opportunities presented to Defendants to cure the problems. Lingxian was provided multiple notices of their wrongful enforcement of the '252 patent. E-Nomads emailed Lingxian's patent counsel in an effort to obtain domestic contact for possible representation while service via publication was taking place. E-Nomads has been communicating with Lingxian via e-mail and inquired as to its intent to respond to the instant suit, and Lingxian did not reply. Taken together, this Court construes these actions to be a willful refusal by Lingxian to engage with E-Nomads in this action.

Seventh and lastly, there is no indication that this default was caused by a good-faith mistake or mere neglect by Defendants. As discussed, Lingxian is fully aware of E-Nomads' claims against it. E-Nomads even offered to withdraw this lawsuit if Lingxian offered an irrevocable license under the '252 patent. Counsel Emails at 2, ECF No. 25-1. Based on the current record, this Court concludes that Lingxian has not mistakenly failed to respond to the instant allegations. It has purposefully

9

refused to engage. Lingxian has not made any submission that would allow this Court to find that the existence of a mistake or other neglect warranted a denial of default judgment.

B.    Damages

After finding that default judgment is compelled, a court must determine appropriate relief. Although factual allegations in a complaint may be taken as true, a default judgment does not concede the amount demanded. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Damages must be proven, and a court maintains discretion over how the existence and amount of damages may be appropriately shown. *JTH Tax, Inc. v. Geraci*, No. 2:14cv236, 2014 WL 4955373, at *7 (E.D. Va. Oct. 2, 2014) (citing *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–96 (D. Md. 2010)). There is "no need to convene a formal evidentiary hearing on the issue of damages" if the party seeking default judgment has submitted declarations, affidavits, and/or other documents supporting the amount of damages sought. *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv04, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009); *Anderson v. Found. for Advancement, Educ. and Emp. of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998).

Here, E-Nomads seeks $1,176,400 in total damages for lost sales. E-Nomads has submitted two Declarations by Managing Director Maria Olaru. Olaru Decls., ECF Nos. 25-5 & 25-6. She states that E-Nomads sells 99 percent of its moon lamps and galaxy lamps on Amazon. Olaru Decl. at 1, ECF No. 25-5. She further asserts

10

that both lamps did not infringe on the '252 patent, yet Lingxian filed a series of complaints through Amazon's automated patent infringement reporting system against E-Nomads. *Id.* at 2. In her second Declaration, Ms. Olaru calculates the loss of sale profits per quarter, which totals the $1,176,400 requested. Second Olaru Decl. at 3, ECF No. 25-6. The Court finds that E-Nomads has provided sufficient evidence to establish that it is entitled to such amount as damages and an evidentiary hearing is not necessary in this instance.

B.    Injunction

E-Nomads also requests that this Court enjoin third-party websites such as Amazon, eBay, and others, from releasing any funds to Lingxian that may be used to satisfy this judgment.[4] Mem. in Supp. of Mot. for Default J. at 17, ECF No. 25.

"[A] trial court is given broad discretionary powers in shaping equitable decrees." *MeadWestvaco Corp. v. Rexam PLC*, No. 1:10cv511, 2012 WL 2153165, at *2 (E.D. Va. June 12, 2012) (quoting *Gemveto Jewelry Co., Inc. v. Jeff Cooper Inc.*, 800 F.2d 256, 259 (Fed. Cir. 1986)). But "an injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). Federal Rule of Civil Procedure 65(d) dictates that a court granting an injunction set forth the reasons for the issuance of an injunction and detail its

---

[4] It is unclear whether E-Nomads is relying on its previously filed Second Motion for Preliminary Injunction in making this argument. Even if it is, it does not describe why such an injunction is warranted through a Motion for Default Judgment and therefore has not met its burden for such a remedy.

terms. In deciding whether a permanent injunction[5] should be granted, the Court considers four factors: (1) whether the party seeking an injunction has suffered an irreparable injury; (2) whether remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) whether, in light of the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) whether the public interest would be disserved by an injunction. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

E-Nomads has not demonstrated that an injunction is warranted against online marketplaces with which Lingxian does business. E-Nomads does not analyze any of the four applicable factors in its Memorandum. *See generally* Mem. in Supp. of Mot. for Default J., ECF No. 25. Furthermore, E-Nomads does not seek an injunction against Lingxian, which is a party to this suit. E-Nomads has not stated why online marketplaces, such as Amazon or eBay, should be subject to an injunction in proceedings to which they are not a party.[6]

Even if E-Nomads had analyzed the appropriate factors for an injunction, and could justify entry of an injunction against non-parties, it is not warranted. The losses it describes are monetary, as described earlier. "Mere injuries, however substantial,

---

[5] E-Nomads does not specify the type of injunction it is seeking in its Motion for Default. This Court construes it as a request for permanent injunction.

[6] Federal Rule of Civil Procedure 65(d)(2) outlines the categories of persons who are bound by a court's injunction. It allows third-parties to be bound where they are "officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2). E-Nomads does not recognize this requirement or describe how online marketplaces may or may not fall into the described categories that would allow these entities to be bound by a potential injunction.

in terms of money, time and energy . . . are not enough." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).[7]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (ECF No. 24) is **GRANTED in part** and **DENIED in part** and the Second Motion for Preliminary Injunction (ECF No. 16) is **DISMISSED as moot**. It is **ORDERED** that default judgment is entered in favor of Plaintiff and against Defendant in the amount of $1,176,400.

The Clerk is **REQUESTED** to forward a copy of this Order to counsel of record for Plaintiff E-Nomads SRL.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

October 21, 2021
Norfolk, Virginia

---

[7] E-Nomads attempts to distinguish its case from *Di Biase* by arguing that it faces irreparable harm because it may be driven out of business. ECF No. 17 at 16. It cites *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 218 (4th Cir. 2019). That case and the line of cases it relies on evaluate irreparable harm in the unique context of losses resulting from an administrative process governing natural gas companies and the business they engage in. *Mountain Valley Pipeline, LLC*, 915 F.3d at 219. E-Nomads provides no argument showing why its prospective economic losses are analogous to those suffered in *Mountain Valley Pipeline* due to pipeline construction delays. Furthermore, it provides insufficient analysis showing why it could not be made whole by money damages.